Good morning, your honors. If the court please, Daniel Casillas, appearing on behalf of Mr. Jorge Enrique Beltran-Carranza, the defendant and appellant of the case. Your honors, the issues before the court this morning is principally whether the district court erred in increasing the maximum penalty, statutory penalty, of two years to 20 years based on the facts that it had before it at the time of sentencing. The record will reflect that the facts that existed at the time of sentencing before the district court were only those facts that were admitted by the defendant at the time of his plea. And at the time of his plea, he admitted that he was a deported alien found in the United States. So we have the question then, can the court take judicial notice of the kidnapping conviction? Yes, we do have that question, your honor. That is number one. Who has the burden on that, by the way? Excuse me, your honor? Who has the burden? Your honor, the government has the burden on that once we object to that prior conviction, which was done by the objections that were filed before the court. We objected to the criminal record, the prior convictions. We also objected to the immigration information, which brings into play the Covey and Sandoval issue where the court in that case found that the district court could not make a factual finding as to the date of deportation, which was also not alleged in the indictment or admitted by the defendant. Well, let's go first to the burden on the priors. The government asked, the government said, okay, I'm not really ready on that. The government said, can I have a continuance to get all the documents? The court said, no. Does the probation officer have the documents? And said, let me see them. And the court looked at them, right? So the court could have given a continuance to the government, or I guess could have denied that, and then we'd be reviewing whether there was an abuse of discretion in denying that motion to continue. But at any rate, did you, now eventually we've got the documents here. Your objection, as I understand it, was that the court just couldn't do it on its own, take judicial notice, right? No, that's, I don't believe that's where our objection goes to, Your Honor. I just want to point out that, first of all, the sentencing was continued a number of times, if I recall correctly. I know at least one time. So that the government had ample opportunity and notice that we were challenging the prior conviction for them to produce any kind of record, certified abstract, or anything of that nature. Not so much objecting to the court taking judicial notice, the problem also becomes is that we don't know what the district court judge took notice of since I was present. I don't know what he reviewed. I know government counsel that's present here today was not present at the sentencing. And it's unclear from the record what actual document or documents that the district court reviewed. He reviewed the sentence in the Superior Court. It was a very weird circumstance. This federal judge was the one that tried your client in state court and sentenced him and reviewed the sentence. He said, look, I recognize my name. This is what the sentence says. Is that enough offense? Is that enough offense? I can't say it. Well, Your Honor, we know that he reviewed some documentation, as I've indicated. And that information, the information that the court expressed that he reviewed, could have been found, for example, in a docket entry, a minute order of the court. It could have been perhaps even found in a – well, I know that the other information could have been found in a rap sheet. I don't know if it notes the particular judge. Well, I guess we've now received the documents that – Well, Your Honor, I'd like to just point out that we're assuming that these are the documents that were reviewed because, number one, as I've indicated, the probation officer who – well, as I'm indicating now, the probation officer who sent these documents to government counsel doesn't know – is assuming that these were the documents that were reviewed. Government counsel, once again, in his letter to the court, I underlined the word presumably presented to the district court. These are the documents that we're assuming were presented to the district court. What if any of these pages – we're uncertain as to how many of these pages or these documents that the district court reviewed, as well as the fact that I think part of the objection would have been that these are not – Would have been or was. I'm sorry. Would have been or was. You're saying part of the objection would have been – we've got to deal with what the objection was at the time, not what it would have been. Very well. Very well, Your Honor. And the objection at the time was to the prior criminal record and the fact that the government had not proved or presented any evidence to us, to the defendant at any time prior to this particular hearing, as well as the fact that I didn't have an opportunity to review it to make any particular challenges or objections at that time of sentencing. The court just asked for a – I believe it was a copy of the docket. The probation officer says, I have a copy of the judgment in that case. And then the court then says, I'm reviewing – I'll take judicial notice of some records of the superior court. Mr. Casillas, suppose we found that the trial judge was in error in taking judicial notice, and, of course, we send it back. The government this time will finally get the message and produce what is necessary, and the result is not going to be any different, is it? Well, the result will be different now that we have the Colvin-Sandoval case because Colvin-Sandoval then says the court cannot make a factual finding with respect to the date of deportation. So even if the court – Well, but that has nothing to do with the prior. Stay with the prior, the kidnapping. Yes, Your Honor. How are you going to get a different result on the kidnapping? Your Honor, there may not be a different result on the kidnapping. That's correct. Okay. But, once again, the fact is that the record is unclear as to what, if any, documentation the district court reviewed and the fact that the government did not produce anything should have – the burden is on the government to produce some kind of documentation once – All right. Let's move on to the deportation then. Your client admitted that he'd been removed, correct? Correct. And so in order to find that, the removal has to be subsequent to the aggravated felony, right? And what you're saying that the date – he didn't specifically say, I was removed on such and such a date. There is a discussion in there about, I believe that you say he was removed in 1998, correct? As part of all of this that's going on. And so I guess my question is if – and we do have the Colvin-Sandoval case that says it's, you know, this is something that can't – you know, it's an apprendi issue. All right. So we have the admission of the removal. The question is, does it have to include the date? But then even, I guess, let's just say you're talking about – you admit a date there. Your client's standing right there and it's all talking about that. And then I guess your client's had three removals that are in the PSR, right? And they're all subsequent to the date of the aggravated felony. And I understood the objection there to basically be to – that he didn't have this kidnapping. He didn't have the aggravated felony. So I'm just wondering on this, first off, why wasn't it clear from this record that he admitted the 1998? No one said anything about that, which clearly puts it subsequent to the aggravated felony. If not, let's say that it's not, how – why wouldn't this be subject to harmless error in that he's got three removals that are all subsequent to that? How are you ever going to prevail on that? Well, Your Honor, I think that because it's not a harmless error analysis. In the cases that have interpreted the Colvin-Sandoval case with respect to either plain error or harmless error, those are cases where the – either the defendant – the date of deportation was alleged in the indictment or a jury found the date of deportation. So it doesn't address the – But we have something better. We have his attorney alleging the date right in front of the defendant. Well, Your Honor, the defendant never admitted any particular date of deportation. There may have been some discussions with respect to – This counsel did an open court. Isn't that binding? Your Honor, I don't recall that I admitted the date of deportation in open court. There may have been something mentioned in respect to a sentencing memorandum, I think, that referenced the date of deportation. But I don't recall that specifically right now. He tied the date to his mother's illness. I'm sorry. He tied the date to his mother's illness. That's why he didn't admit it. Oh, that was a particular deportation. As we've been discussing, there was – According to the conviction. But it's still the government's burden to establish the date of deportation. And in this particular case, the judge did not specify a particular finding as to the date of deportation, so we don't know what, if any, date. Well, the judge would have found, but according to Colvin Sandoval, the judge is not empowered to make that factual finding. Thank you, Counsel. Your time has expired. We'll hear from the government. Good morning to the Court. I am Carlos Arguello, Assistant United States Attorney on behalf of the government, the appellee. Just to clear up that one issue about what Counsel stated at sentencing, it's on page 5 of the excerpt of record where Counsel, before the district court, stated that, quote, the reason for his return was actually in 1998 when he had the last deportation because his mother was gravely ill, and she actually passed away in 1998. And this was when he was then later on apprehended and deported shortly after. She passed away two months before he actually was deported. Your argument is that's a binding admission on the part of this defendant? Yes, Your Honor. And even though the fact of the matter is, the government is showing that just as part of the overall uncontroverted and overwhelming evidence in this case, because actually there was no deportation or removal in 1998. The kidnapping took place in 1992, and thereafter Beltran was removed in 1994 and in 2001. All right, but there's no necessity to tie the conviction to the removal. It could be a conviction, several removals subsequent. Correct. And then later, the last removal could still be premised on the earlier conviction. Exactly, Your Honor. And in this case, there were no removals before the aggravated felony. But what do you make of Covian? With respect to Covian, Your Honor, this case is very similar. The facts are very similar to a case that came out after the briefs were submitted to the court, and that's the Cepeda-Martinez case, where the error was, it was obviously a Prendi error, and it was reviewed for harmless error. And the facts there were similar to this and that. In Cepeda, the defendant pled guilty, never admitted the actual date of the removal, but the court took a look to all the other evidence that, again, was uncontroverted and overwhelming, which the government is arguing is what we have in this case. So are you saying, okay, there's two ways to look at it. You can either say that there was an error because it was clear what he was admitting by the surrounding circumstances of what his attorney said and all of that, that that establishes the date with the admission, or it was error that the date wasn't, but it's harmless error? Yes. Well, which are you saying? Are you saying both? It's harmless error because in this case, with respect to Covian, certainly the date of the removal was not in the indictment, and it was not necessarily admitted by the defendant at sentencing. The words, you know, 1994 and 2001 removals never came out of the defendant's mouth. So assuming that there was Covian error, there was sufficient, overwhelming, uncontroverted evidence of those removals. For instance, starting now with the probation report, the pre-sentence report indicated the date of the removals. The government's sentencing memorandum for more deaths. Is that waivable? I thought our jurisprudence was that it has to be admitted by the defendant. But in this case, applying the harmless error analysis, if a fact pursuant to Rule 32I of federal rules is that a procedure, I believe, a failure to object constitutes an admission to the fact in the probation report. So the court may rely on undisputed facts in the pre-sentence report. And in the defendant's, I'm sorry, the appellant's arguments at the district court, his government, I'm sorry, his defendant's memo regarding sentencing never contested the dates of the removals except by probation. In fact, the only – Remind me what's in the PSR. Was the 98 removal in the PSR or not? I'm sorry, Your Honor. There was only two removals, 94 and 2001. 98 was admitted by defense counsel at the sentencing, but there is no 98. We use that just to show that he admitted, counsel for the defendant admitted that there was a removal after or subsequent to 1992. Okay, but the PSR mentioned 94 in 2000. 2001, exactly. 2001, right. And you're saying that because we're in the PSR and the defendant did not object, that's tantamount to an admission sufficient to get over the hurdle? Correct, because under Rule 32, the court can consider these unobjected to facts as true. The court can rely on these undisputed facts in the probation report. And the only issue that the defendant had at sentencing with the immigration information was that he had previously had legal status, an issue unrelated to the deportation dates. And I believe this was similar to what had taken place in the Cepeda-Martinez case, again decided after this case, that that was sufficient for the court to consider in finding the date of removal. As to the issue of the kidnapping, I don't know if the court wants me to go over that. Well, I don't know. Could you have done a worse job in terms of that? You know, the first thing is that we had to ask to, you know, I mean, it was your burden, but then the court said, no, let's just get it taken care of and I don't want to continue and so I'll just look at what we have here. But then no one even provides us with it, so we have to even get at it, you know, to review something. Absolutely. No question, it should have been made a part of the record. In fact, it should have been. Well, and now Appellant's counsel is saying, how do we even know that that's what the court looked at? How do we know that? I hate to answer a question that refers to matters outside the record, Your Honor. The probation officer is no longer, is in Iraq, so that person knew for sure what she provided to the court. So the folks that provided it from probation were not, no one was associated with this case at the time of sentencing. But one thing for sure, kidnapping, we have a situation where it's a categorically, categorically it's an aggravated felony, so the court need not look further beyond the fact of the conviction, the date of the conviction, and what at least helps in this case is the court was the same judge that sentenced the defendant across the street in the county court on the kidnapping case to three years in prison. So I think what Shepard and the different cases I've discussed, the categorical approach, the modified categorical approach, one of the lynchpins is the reliability. Well, let's see if the court hadn't looked at anything and just said, hey, I know you, I remember you, I know exactly what happened, and this is what you were convicted of, and this is what I sentenced you to. Is that enough there? I'd say no, because I don't think it gives the defense a chance to fairly take a look at the documents to verify what the court says. All right. What was the defense objection at that time? Was it that the documents didn't say that he was convicted of it, or was it that the court couldn't do that on its own? There was no objection to the court taking a look at those documents and taking a step further of taking judicial notice of those documents. When the court said, I'm going to take judicial notice that in 1992 the court sentenced the appellant to three years for kidnapping, the court indicated, as shown in the excerpt of the record, said, is there anything else? And that was the end of that. There was no objection at that point. And even further, counsel for the defendant agreed that the defendant was in criminal history category three, and he argued that he deserved a sentence in the range of 24 to 30 months, which is in a circumstantial manner conceding that this is not a two-year statutory maximum case, that the kidnapping had been shown or proven, and he just wanted to try to reduce the sentence. The other thing, too, Your Honor, with respect to the records, is that they were then available for both sides to inspect at that time to make sure that the court simply wasn't looking at a minute order or some handwritten notes by someone after the fact. For example, somebody, maybe a deputy clerk or something like that, and they do have an abstract of judgment from the state prison indicating that it was a three-year sentence for kidnapping. Again, categorically, an aggravated felony. Any further? Unless the court has any further questions. No questions. Thank you, counsel. Thank you. The case just argued will be submitted for decision.
judges: Hall, O'scannlain, Callahan